**Lee Law Firm, PLLC**
8701 Bedford Euless Rd., Suite 510
Hurst, TX 76053

Bar Number: 24041409
Phone: (817) 265-0123

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Ehren Mykl Sherrod** | xxx-xx-0330 | § | Case No: |
| 511 Blueberry Hill Lane | | § | |
| Mansfield, TX 76063 | | § | Date: **2/25/2019** |
| | | § | Chapter 13 |
| | | § | |
| **Sparkle Yuvonne Terrese Sherrod** | xxx-xx-1136 | | |
| 511 Blueberry Hill Lane | | | |
| Mansfield, TX 76063 | | | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | |
|---|---|---|
| Plan Payment: **$1,050.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: **$63,000.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: **60 months** | | |

Case No:

Debtor(s):  **Ehren Mykl Sherrod**

          **Sparkle Yuvonne Terrese Sherrod**

---

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

**SECTION I**
**DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS**
**FORM REVISED 7/1/17**

A.  **PLAN PAYMENTS:**

    *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

    **$1,050.00**  per month, months  **1**  to  **60** .

    For a total of  **$63,000.00**  (estimated "*Base Amount*").

    First payment is due  **3/27/2019** .

    The applicable commitment period ("ACP") is  **60**  months.

    Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is:  **$0.00** .

    The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:
    **$0.00** .

    *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:
    **$0.00** .

B.  **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

    1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are  **$0.00**  and shall be paid in full prior to disbursements to any other creditor.

    2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

    3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C.  **ATTORNEY FEES:**  To  **Lee Law Firm, PLLC** , total:  **$3,700.00** ;
    **$140.00**  Pre-petition;  **$3,560.00**  disbursed by the *Trustee*.

Case No:

Debtor(s): **Ehren Mykl Sherrod**
**Sparkle Yuvonne Terrese Sherrod**

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT. | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Conns Appiances Furniture** | **$3,782.00** | **$3,000.00** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Case No:

Debtor(s): **Ehren Mykl Sherrod**

**Sparkle Yuvonne Terrese Sherrod**

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

### G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| | | |

### H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

### I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

_____

### J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Ace Cash Express | $706.00 | |
| AFNI | $379.00 | |
| AMCOL Systems | $184.00 | |
| AMCOL Systems | $370.00 | |
| AMCOL Systems | $560.00 | |
| Appliance Warehouse | $357.00 | |
| AssetcareLLC/Capiopart | $163.00 | |
| Berlin-Wheeler Inc | $288.00 | |
| BK Of AMER | $498.00 | |
| Bridge Lending | $1,800.00 | |
| CB Indigo | $54.00 | |
| CBA Collection | $173.00 | |
| Charter | $192.00 | |
| Chase | $516.00 | |
| City of Topeka | $60.00 | |
| Conns Appiances | $782.00 | Unsecured portion of the secured debt (Bifurcated) |
| Conserve | $280.00 | |
| Consumer Portfolio Services | $6,642.00 | |

Case No:
Debtor(s):  **Ehren Mykl Sherrod**
            **Sparkle Yuvonne Terrese Sherrod**

| | |
|---|---:|
| **Cotton O'Neil Clinic** | **$140.00** |
| **CPS Auto Rec. Toust** | **$6,714.00** |
| **Credit One Bank** | **$15.00** |
| **Credit One Bank** | **$364.00** |
| **Credit Protection Assoc** | **$191.00** |
| **Creditors Service Bureau** | **$156.00** |
| **Dept of Ed/Navient** | **$4,817.00** |
| **Dept of Ed/Sallie Mae** | **$9,212.00** |
| **Dept of Ed/Sallie Mae** | **$8,208.00** |
| **Dept of Ed/Sallie Mae** | **$5,688.00** |
| **Dept of Ed/Sallie Mae** | **$3,754.00** |
| **E Lon Biorgarrd Probasco** | **$2,245.00** |
| **E Lon Biorgarrd Probasco** | **$8,314.00** |
| **E Lon Biorgarrd Probasco** | **$2,377.22** |
| **Enhanced Recovery** | **$641.00** |
| **Enhanced Recovery** | **$478.00** |
| **EOS CCA** | **$448.00** |
| **EOS CCA** | **$1,672.00** |
| **EOS CCA** | **$59.00** |
| **IC System, Inc,** | **$173.00** |
| **IC System, Inc,** | **$436.00** |
| **IC Systems** | **$0.00** |
| **Lawrence Virtual School** | **$1,685.00** |
| **Malcom S. Gerald and Associates, Inc.** | **$345.00** |
| **Medical Payment Data** | **$199.00** |
| **Medical Payment Data** | **$84.00** |
| **Medical Payment Data** | **$82.00** |
| **Medical Payment Data** | **$2,295.00** |
| **Medical Payment Data** | **$569.00** |
| **Medical Payment Data** | **$668.00** |
| **Medical Payment Data** | **$2,295.00** |
| **MEI Auto Finance** | **$0.00** |
| **Midland Funding** | **$811.00** |
| **Peritus Portfolio Services** | **$0.00** |
| **Power Finance** | **$0.00** |
| **Probasco & Associates, PA** | **$0.00** |
| **Procollect** | **$1,215.00** |
| **Progressive** | **$0.00** |
| **Revenue Enterprises** | **$882.00** |
| **Revenue Enterprises** | **$163.00** |
| **Revenue Enterprises** | **$51.00** |
| **Revenue Enterprises** | **$535.00** |
| **Rite Money** | **$1,316.00** |
| **Rosebud Lending LZO** | **$2,644.00** |
| **Sallie Mae** | **$35,000.00** |

Case No:
Debtor(s):  **Ehren Mykl Sherrod**
            **Sparkle Yuvonne Terrese Sherrod**

| | |
|---|---|
| **St Francis Health Center** | **$600.00** |
| **ST Francis Health Center** | **$166.00** |
| **ST Francis Health Center** | **$1,053.00** |
| **ST Francis Health Center** | **$727.00** |
| **Stormont Vail Health** | **$10,350.00** |
| **TXU Energy** | **$395.00** |
| **Unique National Collection** | **$68.00** |
| **US Dept of ED/GSL/ATL** | **$12,815.00** |
| **USA Funds** | **$6,155.00** |
| **USA Funds** | **$7,195.00** |
| **USA Funds** | **$1,197.00** |
| **USA Funds** | **$3,590.00** |
| **USA Funds** | **$1,673.00** |
| **USA Funds** | **$1,678.00** |
| **USA Funds** | **$3,277.00** |
| **USA Funds** | **$3,202.00** |

TOTAL SCHEDULED UNSECURED:          **$175,086.22**

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**29%**_____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

### K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **A&A Harmony Holdings** | **Assumed** | **$0.00** | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

### A.  SUBMISSION OF DISPOSABLE INCOME:

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

### B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C.  ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the ***Debtor's(s')*** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1)  PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

Case No:

Debtor(s): **Ehren Mykl Sherrod**

**Sparkle Yuvonne Terrese Sherrod**

---

**D.(2)  CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3)  POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

**E.(1)  SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value of the *Collateral* shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(l) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

**E.(2)  SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

Case No:
Debtor(s):  **Ehren Mykl Sherrod**
            **Sparkle Yuvonne Terrese Sherrod**

### G.  DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I.  CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

### J.  GENERAL UNSECURED CLAIMS TIMELY FILED:

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

### K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

### L.  CLAIMS TO BE PAID:

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

### M.  ADDITIONAL PLAN PROVISIONS:

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

### N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

### O.  CLAIMS NOT FILED:

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

### P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

Case No:
Debtor(s): **Ehren Mykl Sherrod**
**Sparkle Yuvonne Terrese Sherrod**

---

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee,* unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s),* prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan,* the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*.  Upon conversion of the *Case,* any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.  ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

Case No:
Debtor(s): **Ehren Mykl Sherrod**
**Sparkle Yuvonne Terrese Sherrod**

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

### V.  POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan.*

### W.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No:
Debtor(s):  **Ehren Mykl Sherrod**
            **Sparkle Yuvonne Terrese Sherrod**

### SECTION III
### NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Eric A. Maskell**
_____          _____
Eric A. Maskell, Debtor's(s') Attorney          Debtor (if unrepresented by an attorney)


Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Eric A. Maskell**
_____          **24041409**
Eric A. Maskell, Debtor's(s') Counsel          State Bar Number

Case No:
Debtor(s):   **Ehren Mykl Sherrod**
             **Sparkle Yuvonne Terrese Sherrod**

<hr>

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the ___**25th day of February, 2019**___ :

(List each party served, specifying the name and address of each party)

Dated: ___**February 25, 2019**___          **/s/ Eric A. Maskell**
                                             Eric A. Maskell, Debtor's(s') Counsel

| | | |
|---|---|---|
| A&A Harmony Holdings<br>P.O. Box 11616<br>Fort Worth, TX 76103 | Attorney General of Texas<br>Collections Div Bankruptcy Sec<br>PO Box 12548<br>Austin, TX 78711-2548 | Charter<br>8246100016363512<br>P.O. Box 790261<br>St Louis, MO 63179 |
| Ace Cash Express<br>7796518<br>1231 Greenway, Ste. 700<br>Irving, TX 75038 | Berlin-Wheeler Inc<br>1121851380<br>711 W McCarty St<br>Jefferson City, MO 65101 | Chase<br>20100000109172550<br>800 Brooksedge Blvd<br>Westerville, OH 43081 |
| AFNI<br>P.O. Box 3097<br>Bloomington, IL 61702-3097 | BK Of AMER<br>PO Box 982238<br>El Paso, TX 79998 | City of Topeka<br>11L025147<br>P.O. Box1518<br>Topeka, KS 66601 |
| AMCOL Systems<br>PO Box 21625<br>Columbia, SC 29221 | Bridge Lending<br>P.O. Box 481<br>Lac Du Flambeau, WI 54538 | Conns Appiances<br>3295 College Street<br>Beaumont, TX 77701 |
| Appliance Warehouse<br>665825<br>3201 W Royal Lane #100<br>Irving, TX 75063 | CB Indigo<br>P.O. Box 205458<br>Dallas, TX 75320 | Conserve<br>6504166<br>200 CrossKeys Office Park<br>Fairport, NY 14450 |
| AssetcareLLC/Capiopart<br>2222 Texoma Pkwy Ste 180<br>Sherman, TX 75090 | CBA Collection<br>15594364<br>25954 Eden Landing Rd<br>Hayward, CA 94545 | Consumer Portfolio Services<br>40010854107<br>P.O. Box 513328<br>Los Angeles, CA 90051-3328 |

Case No:
Debtor(s):    **Ehren Mykl Sherrod**
              **Sparkle Yuvonne Terrese Sherrod**

---

Cotton O'Neil Clinic
167356
P.O. Box 412875
Kansas City, MO  64141

Dept of Ed/Sallie Mae
962183012111
11100 USA Pkwy
Fishers, IN 46037.

EOS CCA
3636541
700 Longwater Drive
Norwell, MA 02061


CPS Auto Rec. Toust
0010854107
P.O. Box 98710
Phoenix, AZ 85038-0710

E Lon Biorgarrd Probasco
448902
615 S Topeka Blvd
Topeka, KS  66603

EOS CCA
19145681
Po Box 439
Norwell, MA 02061


Credit One Bank
PO Box 98875
Las Vegas, NV 89193

E Lon Biorgarrd Probasco
242915
615 S Topeka Blvd
Topeka, KS  66603

H Kent Hollins
xxx83-11
3615 SW 29th Street
Topeka, KS 66604-0586


Credit Protection Assoc
1741552885
PO Box 173885
Denver, CO 80217

E Lon Biorgarrd Probasco
345655
615 S Topeka Blvd
Topeka, KS  66603

IC System, Inc,
444 Highway 96 East Box 64378
St. Paul, MN  55164-0378


Creditors Service Bureau
3410 SW Van Buren St
Topeka, KS  66611

Ehren Mykl Sherrod
511 Blueberry Hill Lane
Mansfield, TX  76063

IC System, Inc,
49024972001
444 Highway 96 East Box 64378
St. Paul, MN  55164-0378


Dept of Ed/Navient
P.O. Box 9635
Wilkes Barre, PA  18773

Enhanced Recovery
76980116
1422-A East 71th St.
Tulsa, OK 74136-5060

IC Systems
024427001351
P.O. Box 64378
St. Paul, MN 55164-0378


Dept of Ed/Sallie Mae
96218301211
11100 USA Pkwy
Fishers, IN 46037.

Enhanced Recovery
24446626
1422-A East 71th St.
Tulsa, OK 74136-5060

Internal Revenue Service
Department of the Treasury
PO Box 7346
Philadelphia, PA 19101-7


Dept of Ed/Sallie Mae
9621830121
11100 USA Pkwy
Fishers, IN 46037.

EOS CCA
11271346
Po Box 439
Norwell, MA 02061

Lawrence Virtual School
17477
1104 E 1000 Rd
Lawrence, KS  66047

Case No:
Debtor(s):    **Ehren Mykl Sherrod**
              **Sparkle Yuvonne Terrese Sherrod**

---

Linebarger Goggan Blair & Sampson,
LLP
2323 Bryan  Ste 1600
Dallas, Texas  75201

MEI Auto Finance
xxx-1341
BK Dept
108 N Collins St
Arlington, TX 76011

Revenue Enterprises
3131 S. Vaughn Way Ste 42
Aurora, CO 80014


Malcom S. Gerald and Associates,
Inc.
79384236
332 South Michigan Avenue, Suite 600
Chicago, IL 60604

Midland Funding
8543092229
P.O. Box 160369
San Antonio, TX  78280

Revenue Enterprises
3680283
3131 S. Vaughn Way Ste 42
Aurora, CO 80014


Medical Payment Data
10L024067
645 walmart Street Suite 5
Gadsden, AL 35901

Peritus Portfolio Services
P.O. Bo 141419
Irving, TX  75014

Revenue Enterprises
3235365
3131 S. Vaughn Way Ste 42
Aurora, CO 80014


Medical Payment Data
08L019260
645 walmart Street Suite 5
Gadsden, AL 35901

Power Finance
1303 N Collins St #147
Arlington, TX  76014

Rite Money
P.O. Box 41439
Houston, TX  77241


Medical Payment Data
08L005116
645 walmart Street Suite 5
Gadsden, AL 35901

Probasco & Associates, PA
E. Lou Bjorgaard Probasco
615 SW Topeka Blvd
Topeka, KS  66603

Rosebud Lending LZO
PO Box 1147
Mission, SD 57555


Medical Payment Data
07L09140
645 walmart Street Suite 5
Gadsden, AL 35901

Procollect
506010011135544
9550 Forrest Lane, Ste. 605
Dallas, Texas 75243

Sallie Mae
xxxxxx0121
P.O. Box 9635
Wilkes-Barre, PA 18773-9635


Medical Payment Data
10L018937
645 walmart Street Suite 5
Gadsden, AL 35901

Progressive
1297038
11629 South 700 East Street
Draper, UT 84020

St Francis Health Center
xxxxx8937
1700 SW 7th Street
Topeka, Kansas 66606-1690


Medical Payment Data
10L020438
645 walmart Street Suite 5
Gadsden, AL 35901

Revenue Enterprises
378223330
3131 S. Vaughn Way Ste 42
Aurora, CO 80014

ST Francis Health Center
1700 SW 7th Street
Topeka, Kansas 66606-1690

Case No:
Debtor(s):    **Ehren Mykl Sherrod**
              **Sparkle Yuvonne Terrese Sherrod**

---

ST Francis Health Center
27183-15
1700 SW 7th Street
Topeka, Kansas 66606-1690

Unique National Collection
116154
119 E. Maple St.
Jeffersonville, IN 47130

USA Funds
19621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


ST Francis Health Center
271839
1700 SW 7th Street
Topeka, Kansas 66606-1690

United States Attorney - NORTH
3rd Floor, 1100 Commerce St.
Dallas, TX 75242

USA Funds
39621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


STATE COMPTROLLER OF PUBLIC
ACCOUNTS
REVENUE ACCOUNTING DIVISION
P.O. BOX 13528
AUSTIN, TEXAS  78711

United States Attorney General
Main Justice Building, Rm. 5111
10th & Constitution Ave
NW Washington D.C. 20530

USA Funds
29621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


Stormont Vail Health
1500 SW 10th Ave
Topeka, KS  66604

US Dept of ED/GSL/ATL
P.O. Box 4222
Iowa City, IA  52244

USA Funds
49621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


Texas Alcoholic Beverage Comm
Licences and Permits Division
P.O. Box 13127
Austin, TX 78711-3127

USA Funds
89621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


TEXAS EMPLOYMENT COMMISSIO
TEC BUILDING-BANKRUPTCY
101 E. 15TH STREET
AUSTIN, TX 78778

USA Funds
99621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


Tim Truman
Chapter 13 Trustee
6851 N.E. Loop 820, Suite 300
North Richland Hills, TX  76180

USA Funds
79621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180


TXU Energy
200 W John Carpenter Frwy
Irving, TX  75039

USA Funds
596218301421
P.O. Box 6180
Indianeapolis, IN 46206-6180

02/25/2019 02:14:56pm

**Lee Law Firm, PLLC**
8701 Bedford Euless Rd., Suite 510
Hurst, TX 76053

Bar Number: **24041409**
Phone: **(817) 265-0123**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Ehren Mykl Sherrod** | xxx-xx-0330 | § | CASE NO: |
| 511 Blueberry Hill Lane | | § | |
| Mansfield, TX 76063 | | § | |
| | | § | |
| | | § | |
| | | | |
| **Sparkle Yuvonne Terrese Sherrod** | xxx-xx-1136 | | |
| 511 Blueberry Hill Lane | | | |
| Mansfield, TX 76063 | | | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS DATED: <u>2/25/2019</u>

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | | **$1,050.00** |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $104.50 | $105.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $85.05 | $0.00 |
| **Subtotal Expenses/Fees** | **$194.55** | **$105.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$855.45** | **$945.00** |

## CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Total Adequate Protection Payments for Creditors Secured by Vehicles: **$0.00**

## CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Payments for Current Post-Petition Mortgage Payments (Conduit): **$0.00**

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:
Debtor(s): Ehren Mykl Sherrod
Sparkle Yuvonne Terrese Sherrod

## CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

| | |
|---|---|
| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | **$0.00** |

### TOTAL PRE-CONFIRMATION PAYMENTS

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$855.45** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$0.00** |
| Debtor's Attorney, per mo: | **$945.00** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: **2/25/2019**

**/s/ Eric A. Maskell**
Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Ehren Mykl Sherrod**

CASE NO.
Debtor

**Sparkle Yuvonne Terrese Sherrod**

CHAPTER **13**
Joint Debtor

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 25, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Eric A. Maskell**

Eric A. Maskell
Bar ID:24041409
Lee Law Firm, PLLC
8701 Bedford Euless Rd., Suite 510
Hurst, TX 76053
(817) 265-0123

| | | |
|---|---|---|
| Ace Cash Express<br>7796518<br>1231 Greenway, Ste. 700<br>Irving, TX 75038 | AssetcareLLC/Capiopart<br>2222 Texoma Pkwy Ste 180<br>Sherman, TX 75090 | Bridge Lending<br>P.O. Box 481<br>Lac Du Flambeau, WI 54538 |
| AFNI<br>P.O. Box 3097<br>Bloomington, IL 61702-3097 | Attorney General of Texas<br>Collections Div Bankruptcy Sec<br>PO Box 12548<br>Austin, TX 78711-2548 | CB Indigo<br>P.O. Box 205458<br>Dallas, TX 75320 |
| AMCOL Systems<br>PO Box 21625<br>Columbia, SC 29221 | Berlin-Wheeler Inc<br>1121851380<br>711 W McCarty St<br>Jefferson City, MO 65101 | CBA Collection<br>15594364<br>25954 Eden Landing Rd<br>Hayward, CA 94545 |
| Appliance Warehouse<br>665825<br>3201 W Royal Lane #100<br>Irving, TX 75063 | BK Of AMER<br>PO Box 982238<br>El Paso, TX 79998 | Charter<br>8246100016363512<br>P.O. Box 790261<br>St Louis, MO 63179 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Ehren Mykl Sherrod**                                          CASE NO.
_____
Debtor

**Sparkle Yuvonne Terrese Sherrod**                    CHAPTER    **13**
_____
Joint Debtor

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Chase<br>20100000109172550<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | Credit One Bank<br>PO Box 98875<br>Las Vegas, NV 89193 | E Lon Biorgarrd Probasco<br>448902<br>615 S Topeka Blvd<br>Topeka, KS  66603 |
| City of Topeka<br>11L025147<br>P.O. Box1518<br>Topeka, KS 66601 | Credit Protection Assoc<br>1741552885<br>PO Box 173885<br>Denver, CO 80217 | E Lon Biorgarrd Probasco<br>242915<br>615 S Topeka Blvd<br>Topeka, KS  66603 |
| Conns Appiances<br>3295 College Street<br>Beaumont, TX 77701 | Creditors Service Bureau<br>3410 SW Van Buren St<br>Topeka, KS  66611 | E Lon Biorgarrd Probasco<br>345655<br>615 S Topeka Blvd<br>Topeka, KS  66603 |
| Conserve<br>6504166<br>200 CrossKeys Office Park<br>Fairport, NY 14450 | Dept of Ed/Navient<br>P.O. Box 9635<br>Wilkes Barre, PA  18773 | Ehren Mykl Sherrod<br>511 Blueberry Hill Lane<br>Mansfield, TX  76063 |
| Consumer Portfolio Services<br>40010854107<br>P.O. Box 513328<br>Los Angeles, CA  90051-3328 | Dept of Ed/Sallie Mae<br>96218301211<br>11100 USA Pkwy<br>Fishers, IN 46037. | Enhanced Recovery<br>76980116<br>1422-A East 71th St.<br>Tulsa, OK 74136-5060 |
| Cotton O'Neil Clinic<br>167356<br>P.O. Box 412875<br>Kansas City, MO  64141 | Dept of Ed/Sallie Mae<br>9621830121<br>11100 USA Pkwy<br>Fishers, IN 46037. | Enhanced Recovery<br>24446626<br>1422-A East 71th St.<br>Tulsa, OK 74136-5060 |
| CPS Auto Rec. Toust<br>0010854107<br>P.O. Box 98710<br>Phoenix, AZ 85038-0710 | Dept of Ed/Sallie Mae<br>962183012111<br>11100 USA Pkwy<br>Fishers, IN 46037. | EOS CCA<br>11271346<br>Po Box 439<br>Norwell, MA 02061 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Ehren Mykl Sherrod**                                    CASE NO.
_____
*Debtor*

**Sparkle Yuvonne Terrese Sherrod**                      CHAPTER    **13**
_____
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #2)

---

EOS CCA
3636541
700 Longwater Drive
Norwell, MA 02061

Lawrence Virtual School
17477
1104 E 1000 Rd
Lawrence, KS 66047

Medical Payment Data
10L018937
645 walmart Street Suite 5
Gadsden, AL 35901


EOS CCA
19145681
Po Box 439
Norwell, MA 02061

Linebarger Goggan Blair & Sampson,
LLP
2323 Bryan Ste 1600
Dallas, Texas 75201

Medical Payment Data
10L020438
645 walmart Street Suite 5
Gadsden, AL 35901


H Kent Hollins
xxx83-11
3615 SW 29th Street
Topeka, KS 66604-0586

Malcom S. Gerald and Associates, Inc.
79384236
332 South Michigan Avenue, Suite 600
Chicago, IL 60604

MEI Auto Finance
xxx-1341
BK Dept
108 N Collins St
Arlington, TX 76011


IC System, Inc,
444 Highway 96 East Box 64378
St. Paul, MN 55164-0378

Medical Payment Data
10L024067
645 walmart Street Suite 5
Gadsden, AL 35901

Midland Funding
8543092229
P.O. Box 160369
San Antonio, TX 78280


IC System, Inc,
49024972001
444 Highway 96 East Box 64378
St. Paul, MN 55164-0378

Medical Payment Data
08L019260
645 walmart Street Suite 5
Gadsden, AL 35901

Peritus Portfolio Services
P.O. Bo 141419
Irving, TX 75014


IC Systems
024427001351
P.O. Box 64378
St. Paul, MN 55164-0378

Medical Payment Data
08L005116
645 walmart Street Suite 5
Gadsden, AL 35901

Power Finance
1303 N Collins St #147
Arlington, TX 76014


Internal Revenue Service
Department of the Treasury
PO Box 7346
Philadelphia, PA 19101-7

Medical Payment Data
07L09140
645 walmart Street Suite 5
Gadsden, AL 35901

Probasco & Associates, PA
E. Lou Bjorgaard Probasco
615 SW Topeka Blvd
Topeka, KS 66603

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Ehren Mykl Sherrod**                                    CASE NO.

Debtor

**Sparkle Yuvonne Terrese Sherrod**                    CHAPTER    **13**

Joint Debtor

## CERTIFICATE OF SERVICE
(Continuation Sheet #3)

| | | |
|---|---|---|
| Procollect<br>506010011135544<br>9550 Forrest Lane, Ste. 605<br>Dallas, Texas 75243 | Rosebud Lending LZO<br>PO Box 1147<br>Mission, SD 57555 | Stormont Vail Health<br>1500 SW 10th Ave<br>Topeka, KS 66604 |
| Progressive<br>1297038<br>11629 South 700 East Street<br>Draper, UT 84020 | Sallie Mae<br>xxxxxx0121<br>P.O. Box 9635<br>Wilkes-Barre, PA 18773-9635 | Texas Alcoholic Beverage Comm<br>Licences and Permits Division<br>P.O. Box 13127<br>Austin, TX 78711-3127 |
| Revenue Enterprises<br>378223330<br>3131 S. Vaughn Way Ste 42<br>Aurora, CO 80014 | St Francis Health Center<br>xxxxx8937<br>1700 SW 7th Street<br>Topeka, Kansas 66606-1690 | TEXAS EMPLOYMENT COMMISSION<br>TEC BUILDING-BANKRUPTCY<br>101 E. 15TH STREET<br>AUSTIN, TX 78778 |
| Revenue Enterprises<br>3131 S. Vaughn Way Ste 42<br>Aurora, CO 80014 | ST Francis Health Center<br>1700 SW 7th Street<br>Topeka, Kansas 66606-1690 | Tim Truman<br>Chapter 13 Trustee<br>6851 N.E. Loop 820, Suite 300<br>North Richland Hills, TX 76180 |
| Revenue Enterprises<br>3680283<br>3131 S. Vaughn Way Ste 42<br>Aurora, CO 80014 | ST Francis Health Center<br>27183-15<br>1700 SW 7th Street<br>Topeka, Kansas 66606-1690 | TXU Energy<br>200 W John Carpenter Frwy<br>Irving, TX 75039 |
| Revenue Enterprises<br>3235365<br>3131 S. Vaughn Way Ste 42<br>Aurora, CO 80014 | ST Francis Health Center<br>271839<br>1700 SW 7th Street<br>Topeka, Kansas 66606-1690 | Unique National Collection<br>116154<br>119 E. Maple St.<br>Jeffersonville, IN 47130 |
| Rite Money<br>P.O. Box 41439<br>Houston, TX 77241 | STATE COMPTROLLER OF PUBLIC<br>ACCOUNTS<br>REVENUE ACCOUNTING DIVISION<br>P.O. BOX 13528<br>AUSTIN, TEXAS 78711 | United States Attorney - NORTH<br>3rd Floor, 1100 Commerce St.<br>Dallas, TX 75242 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

IN RE: **Ehren Mykl Sherrod** _____  CASE NO.

 _Debtor_

**Sparkle Yuvonne Terrese Sherrod** _____  CHAPTER  **13**

 _Joint Debtor_

## CERTIFICATE OF SERVICE
### (Continuation Sheet #4)

United States Attorney General
Main Justice Building, Rm. 5111
10th & Constitution Ave
NW Washington D.C. 20530

USA Funds
39621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180

US Dept of ED/GSL/ATL
P.O. Box 4222
Iowa City, IA 52244

USA Funds
29621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180

USA Funds
89621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180

USA Funds
49621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180

USA Funds
99621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180

USA Funds
79621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180

USA Funds
596218301421
P.O. Box 6180
Indianeapolis, IN 46206-6180

USA Funds
19621830121
P.O. Box 6180
Indianeapolis, IN 46206-6180